**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NELSON F. CROUCH,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant.* | Case No. 1:25-2212 (RDM) |

**MEMORANDUM OPINION**

Plaintiff Nelson Crouch, proceeding pro se, brings this action against Muriel Bowser in her official capacity as the Mayor of the District of Columbia ("District"), the Metropolitan Police Department ("MPD"), and the U.S. Department of Justice, alleging that he was arrested and prosecuted in violation of his First Amendment rights. *See* Dkt. 1-2 at 16–17 (Compl. ¶ 36–37). In a Memorandum Opinion and Order issued on May 8, 2026, the Court dismissed Plaintiff's claims against the District and the MPD and directed Plaintiff to file proof of service on the Department of Justice within 45 days. Dkt. 13 at 1. The Court cautioned Plaintiff that "if he fails to effect service and to provide the Court with proof of service within 45 days, the Court may dismiss his claims against the U.S. Department of Justice and enter final judgment in this case." *Id.* at 16. That deadline for filing proof of service was Monday, June 22, 2026. Plaintiff filed an amended complaint on June 18, 2026, reiterating the factual allegations of his complaint. Dkt. 14. Plaintiff, however, has yet to file proof of service upon the Department of Justice.

On August 24, 2026, the Department of Justice moved to dismiss Plaintiff's amended complaint or, in the alternative, for summary judgment. Dkt. 16. That motion raises a host of difficulties with Plaintiff's case against the Department of Justice, including lack of subject matter jurisdiction and a failure to effect proper service of process. *Id.* at 11–14, 16. Plaintiff's opposition to the motion to dismiss does not address any of the grounds of dismissal raised by the Department of Justice. *See generally* Dkt. 19; *see also Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation modified). Plaintiff's opposition is instead devoted to the expression of Plaintiff's views in opposition to "Gender Affirmative Care for Minors." Dkt. 19 at 2. Plaintiff acknowledges that "as an activist," he has "taken the opportunity you have afforded me to use this case and this Motion as a vehicle . . . to continue to fight to protect our children from the Trans Movement—I could not pass up this opportunity." *Id.* at 7. The Court will dismiss Plaintiff's amended complaint for lack of jurisdiction and for failure to effect service or to provide proof of service.

To start, to the extent Plaintiff intends to assert a claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2672 *et seq*., he fails to allege (or otherwise to assert) that he exhausted administrative remedies before bringing suit. *See generally* Dkt. 1 (Compl.); Dkt. 14 (Am. Compl). A plaintiff seeking to assert claims under the FTCA, however, must "allege facts sufficient to establish jurisdiction," including "that he exhausted administrative remedies relating to his asserted common law tort claims." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 46 (D.D.C. 2017); *accord Detar v. United States*, 174 F. Supp. 3d 566, 569 (D.D.C. 2016)

("In order to pursue claims under the FTCA, . . . a plaintiff must first exhaust his administrative remedies, and this exhaustion requirement is jurisdictional.") (citing 28 U.S.C. § 2675(a)).

In addition, Plaintiff has yet to file proof of service on the Department of Justice, which poses a second jurisdictional hurdle—although this hurdle goes to the Court's personal jurisdiction over the Department of Justice, rather than the Court's subject matter jurisdiction. "Federal Rules of Civil Procedure 12(b)(4) and (5) provide that a Court may dismiss a case due to 'insufficiency of process' or 'insufficiency of service of process' if the plaintiff fails to establish that he or she has properly effectuated service upon the defendant(s) pursuant to Federal Rule of Civil Procedure 4." *Smith v. United States*, 475 F. Supp. 2d 1, 7 (D.D.C. 2006) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). Federal Rule of Civil Procedure 4 requires that the summons served upon a defendant must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). It further requires that "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

Plaintiff has never provided proof to the Court of service upon the Department of Justice, despite being afforded an extended period of time in which to do so. In his opposition to the motion to dismiss, Plaintiff appears to concede the inadequacy of service. Rather than arguing that service was properly effected and that he filed the required proof of service, Plaintiff suggests that the rules regarding service "should be updated so service can be done via emails provided by our government departments." Dkt. 19 at 17. The Department of Justice reports that it received a copy of the summons and complaint on June 23, 2026, the day after the Court's extended deadline expired, but that the summons "was not signed by the clerk and [did] not bear the clerk's seal." Dkt. 16 at 8.

**CONCLUSION**

For the foregoing reasons, the Court will GRANT the Department of Justice's motion to dismiss, Dkt. 16, and will terminate the action.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 12, 2026